JUDGE JONES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOINE AYSSEH,

                Plaintiff,

     -against-

JESUP & LAMONT, INC.

                Defendant.

09 CV 6971

**COMPLAINT**



Plaintiff Antoine Aysseh as and for his Complaint against defendant Jesup & Lamont, Inc., alleges and states as follows:

## NATURE OF ACTION

1.     Plaintiff Antoine Aysseh seeks compensatory and punitive damages from defendant Jesup & Lamont, Inc. as a result of it's violation of the Securities Exchange Act of 1934, specifically a violation of Rule 10b-5, and its conversion of plaintiff's funds. Plaintiff also seeks to otherwise rescind his Subscription Agreement with Jesup & Lamont, Inc. which was induced by its material misrepresentations, and the return of the funds Plaintiff provided to Jesup & Lamont, Inc. in connection with that Subscription Agreement, plus interest, cost, attorney's fees and such other relief as this Court deems just and proper.

## THE PARTIES

2.     Plaintiff Antoine Aysseh ("Plaintiff") is a resident of the State, City and County of New York.

3.     Defendant Jesup & Lamont, Inc. ("JLI") is a publicly traded Florida corporation, with its principal executive offices located at 650 Fifth Avenue, New York, New York.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 over plaintiff's claim brought under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and § 78aa and Rule 10b(5).

5.      This Court also has jurisdiction over this entire pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between the plaintiff and defendant and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(a) and (c) because the defendants are subject to personal jurisdiction in this District, and a substantial part of the events giving rise to the claims occurred within this District.

7.      Venue is also proper in this District pursuant to the forum selection clause included in the parties' agreement.

## THE UNDERLYING FACTS

8.      Prior to October 1, 2008, Plaintiff maintained an investment account with JLI's wholly owned subsidiary, Jesup & Lamont Securities Corp. ("JLSC").

9.      Prior to October 1, 2008, JLI solicited Plaintiff to invest in common stock and warrants of JLI pursuant to a Subscription Agreement drafted by JLI and delivered to Plaintiff.

10.     JLI represented to Plaintiff that its solicitation to invest in JLI was part of its "current financing."

11.    On October 1, 2008, Plaintiff executed JLI's Subscription Agreement (a copy of which is attached as Exhibit A), and delivered it directly to Steven Rabinovici, JLI's Chairman of the Board.

12.    A copy of Plaintiff's letter to Mr. Rabinovici enclosing his executed Subscription Agreement is attached as Exhibit B.

13.    Plaintiff's October 1, 2008 letter to Mr. Rabinovici also authorized him to debit Plaintiff's investment account with JLSC in the amount of $125,000 to fund Plaintiff's purchase of shares and warrants of JLI.

14.    On October 10, 2008, after JLI received Plaintiff's October 1, 2008 letter and executed Subscription Agreement, JLI debited Plaintiff's JLSC account in the amount of $125,000.

15.    A copy of plaintiff's JLSC account statement for the month October, 2008 reflecting JLI's debit of the $125,000 is attached as Exhibit C.

16.    Despite debiting $125,000 from Plaintiff's account with JLSC to fund Plaintiff's purchase of JLI shares and warrants, JLI never issued such shares or warrants to Plaintiff, nor did JLI deliver to Plaintiff its executed copy of the Subscription Agreement.

## FIRST CAUSE OF ACTION
[Violation of Section 10(b)-5 of Securities Exchange Act of 1934]

17.    Plaintiff repeats and realleges the allegations set forth above.

18.    Through deceptive conduct, JLI induced Plaintiff to invest $125,000 with JLI in exchange for JLI shares and warrants that JLI never issued to Plaintiff.

19.    JLI expressly represented and warranted in its Subscription Agreement that "upon receipt and acceptance of consideration from [Plaintiff], the Shares and Warrants will be legally and validly issued."

20.     JLI's representation that "upon receipt and acceptance of consideration from [Plaintiff], the Shares and Warrants will be legally and validly issued," was of a material fact, as it went to heart of the consideration JLI promised to deliver to Plaintiff in exchange for his money.

21.     JLI's representation that "upon receipt and acceptance of consideration from [Plaintiff], the Shares and Warrants will be legally and validly issued," was false as JLI received Plaintiff's funds and executed Subscription Agreement on October 10, 2008, but never issued Plaintiff the Shares and Warrants he paid for more than ten (10) months ago.

22.     JLI made such material misrepresentation with the intent to deceive Plaintiff into investing in JLI's common stock and warrants based upon the false promise that JLI would timely issue Plaintiff the shares and warrants he paid for.

23.     Plaintiff relied on JLI's material misrepresentation, and would not have authorized JLI to deduct $125,000 from his JLSC account had he known that the shares and warrants that JLI represented would be delivered "upon receipt and acceptance" of Plaintiff's funds, were not actually going to be timely delivered.

24.     By reason of the foregoing, Plaintiff has been damaged in the amount of $125,000, plus interest from the date JLI debited Plaintiff's JLSC account.

25.     Plaintiff is also entitled to recover exemplary or punitive damages in an amount to be determined by the trier-of-fact.

## SECOND CAUSE OF ACTION
[Conversion]

26.     Plaintiff repeats and realleges the allegations set forth above.

27.     JLI's representation that "upon receipt and acceptance of consideration from [Plaintiff], the Shares and Warrants will be legally and validly issued," was made with the intent to induce, and did induce, Plaintiff to authorize JLI to debit Plaintiff's investment account with JLSC in the amount of $125,000 to fund Plaintiff's purchase of shares and warrants of JLI investment in connection with the Subscription Agreement.

28.     JLI obtained the $125,000 from Plaintiff's investment account with JLSC on October 10, 2008, but never provided Plaintiff the promised consideration for such funds.

29.     By its conduct as alleged herein, JLI acted with the intent to convert Plaintiff's property.

30.     JLI converted $125,000 from Plaintiff by debiting $125,000 from Plaintiff's account and transferring such funds to itself, but never providing Plaintiff with the promised consideration for such funds.

31.     By reason of the foregoing, Plaintiff has been damaged in the amount of $125,000, plus interest from the date JLI debited Plaintiff's JLSC account.

32.     Plaintiff is also entitled to recover exemplary or punitive damages in an amount to be determined by the trier-of-fact.

## THIRD CAUSE OF ACTION
[Rescission]

33.     Plaintiff repeats and realleges the allegations set forth above.

34.     Through deceptive conduct, JLI induced Plaintiff to invest $125,000 with JLI in exchange for JLI shares and warrants that JLI never issued.

35.     JLI expressly represented and warranted in its Subscription Agreement that "upon receipt and acceptance of consideration from [Plaintiff], the Shares and Warrants will be legally and validly issued."

36.     JLI's representation that "upon receipt and acceptance of consideration from [Plaintiff], the Shares and Warrants will be legally and validly issued," was of a material fact, as it went to heart of the consideration JLI promised to deliver to Plaintiff in exchange for his money.

37.     JLI's representation that "upon receipt and acceptance of consideration from [Plaintiff], the Shares and Warrants will be legally and validly issued," was false as JLI received Plaintiff's funds and executed Subscription Agreement on October 10, 2008, and never issued Plaintiff the Shares and Warrants he paid for more than ten (10) months ago.

38.     JLI made such material misrepresentation with the intent to deceive Plaintiff into investing in JLI's common stock and warrants based upon the false promise that Plaintiff would be issued shares and warrants in consideration for such investment.

39.     Plaintiff relied on JLI's material misrepresentation, and would not have authorized JLI to deduct $125,000 from his JLSC account had he known that the shares and warrants that JLI represented would be delivered "upon receipt and acceptance" of Plaintiff's funds, were not actually going to be timely delivered.

40.     As a result of JLI's fraudulent conduct, the Subscription Agreement should be deemed void *ab initio,* and rescinded, and Plaintiff's funds returned to him with interest and costs.

### FOURTH CAUSE OF ACTION
[Attorneys' Fees]

41.     Plaintiff repeats and realleges the allegations set forth above.

42.     Pursuant to Section 10(e) of the Subscription Agreement, JLI agreed that in connection with any litigation regarding the Subscription Agreement, the "prevailing party shall be entitled to recover from the other party its reasonable attorney's fees and costs."

43.     Accordingly, JLI is liable to Plaintiff for the reasonable attorneys' fees and costs incurred by Plaintiff in connection with this action, in an amount to be determined by the Court.

WHEREFORE, plaintiff Antoine Aysseh respectfully requests that the Court enter Judgment in his favor and as against defendant Jesup & Lamont, Inc as follows:

(a)     On his First Cause of Action, compensatory damages of $125,000, plus all costs, fees and interest permitted by law, as well as exemplary or punitive damages in an amount to be determined by the trier-of-fact;

(b)     On his Second Cause of Action, compensatory damages of $125,000, plus all  costs, fees and interest permitted by law, as well as exemplary or punitive damages in an amount to be determined by the trier-of-fact;

(c)     On his Third Cause of Action, a declaration that the Subscription Agreement is deemed voided and rescinded, and directing JLI to return to Plaintiff $125,000, with interest and costs;

(d)     On his Fourth Cause of Action, awarding Plaintiff its costs and expenses incurred in the prosecution of this Action, plus reasonable attorneys' fees; and

(e)     On All Causes of Action, such other and further relief the Court deems just and proper.

Dated: New York, New York
       August 6, 2009

SIMON·LESSER PC

By: _____
        Leonard F. Lesser, Esq.

420 Lexington Avenue
New York, New York 10170
212.599.5455

Attorneys for plaintiff Antoine Aysseh

8